UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


BURLEY JONES, etc.

    Plaintiff,

v.                                  Case No. 3:08-cv-816-J-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER[2]

### I. Status

Burley James Jones is appealing the Social Security Administration's denial of his claim for Disability Insurance Benefits. His alleged inability to work is related to a back injury. *See* Transcript of Administrative Proceedings (Tr.) at 52.[3] Mr. Jones was ultimately found not disabled by Administrative Law Judge (ALJ) John D. Thompson, Jr., on April 15, 2008. *Id.* at 12,

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #14).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

[3] At the administrative hearing, Plaintiff amended his "application to seek only a closed period of benefits from September 16, [20]05 until July [20]07[.]" *Id.* at 282; *see also id.* at 12.

17-18. Claimant has exhausted the available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues the ALJ erred by "not fully explain[ing] what evidence was relied upon to render [his] decision." Memorandum in Support of Complaint (Doc. #12; Memorandum) at 4.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[4] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v.*

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

*Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

Claimant believes the ALJ erred with respect to his analysis of evidence from Dr. Gregory C. Keller, his "main treating physician[.]" Memorandum at 4.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Further, the weight afforded a treating doctor's opinion must be specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

The judge emphasized Dr. Keller "returned the claimant to work in early 2006, which is prior to the 12 continuous month duration of disability being met." Tr. at 16. He elaborated as follows.

> In a medical report dated July 6, 2006 (which is less than 12 months from the alleged date of onset), Dr. Keller reported the claimant could return to modified light work activity. Dr. Keller[] reaffirmed this in a Medical Assessment of Ability To Do Work Related Activities (Physical) form dated September 25, 2006[.]
>
> . . .
>
> The undersigned gives controlling weight to the opinion of Dr. Keller, the claimant's treating orthopedic physician[,] that the claimant could return to modified light work[.]

*Id.* Thus, the judge purportedly relied on the views of the treating physician, and nowhere in the Decision are any of his opinions rejected.

A form from Dr. Keller dated July 5, 2006, does indicate Plaintiff was thought able to engage in light work as of July 6, 2006. *Id.* at 176-77. However, on the September assessment also afforded weight by the ALJ, the physician provided additional details including a need to "sometimes . . . take unscheduled breaks during an 8 hour working day" and miss as many as three days of work per month. *Id.* at 171 (emphasis omitted). And whereas on that form the doctor seems to assert neither sitting, standing, nor walking were limited, *see id.* at 169, just a few days previously he had written Mr. Jones could do "no prolonged standing[ or] walking" and would be able to "sit up to one hour with positional changes." *Id.* at 166. There are other discrepancies as well. For instance, in a separate report from September 25, 2006, Dr. Keller opined, among other things, that Claimant was "incapable of minimum sedentary activity[,]" and could walk/stand "only occasionally." *Id.* at 167. Clearly, as Plaintiff states, "the forms that were completed by Dr. Keller are inconsistent." Memorandum at 4.

Rather than addressing this perplexing array of findings, the ALJ appears to have either overlooked those omitted from his discussion or selected for reliance the statements most agreeable to him. It may be that the judge could have justifiably found Plaintiff not disabled based in part on the evidence from Dr. Keller. Still, his failure to discuss such potentially significant

information, under the circumstances of this case, constitutes error.

Defendant claims the alleged error was harmless since, had the ALJ "concluded that Plaintiff was only capable of sedentary work" and employed the grids, "a finding of not disabled" would have been directed. Memorandum in Support of the Commissioner's Decision (Doc. #16; Opposition) at 4-5 (internal quotation marks omitted). The Commissioner's argument does not sufficiently account for the limitations under consideration, though, as "[t]he grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation." *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987) (per curiam); *see also Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (per curiam) (reliance on grids inappropriate when claimant cannot perform a full range of work at a given exertional level or "when a claimant has a non-exertional impairment that significantly limits basic work skills" (internal quotation marks omitted)); *Phillips*, 357 F.3d at 1242; *Monte v. Astrue*, No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *2 (M.D. Fla. Jan. 28, 2009).

In regard to the restrictions whose presence would prohibit direct utilization of the grids, it is complained "Plaintiff's attorney did not avail himself of his opportunity to present . . . alternative hypothetical questions to the" vocational expert (VE).

Opposition at 5. The Court is somewhat sympathetic to this position inasmuch as, when afforded the chance to interrogate the VE, counsel asked no questions. The Commissioner explains:

> The ALJ gave [Plaintiff's attorney] the opportunity to cross-examine the VE, but [the lawyer] did not ask the VE a single question. If these limitations were important to Plaintiff's case, then [counsel] should have asked the VE to consider them and should not have waited to raise these contentions for the first time in this Court.

*Id.* at 5-6 (citation to record omitted). Yet, Defendant does not directly argue Mr. Jones waived his argument by failing to question the VE, and it is not found a waiver in fact occurred.

Lastly, the Commissioner asserts "[t]he ALJ could [have] properly discount[ed] the opinion that Plaintiff would be required to miss one to three days per month" and contends other limitations "were neither supported by [n]or consistent with the record." *Id.* at 7. However, it is not for the Court to engage in an analysis of the record in the first instance. As discussed, the judge relied on evidence from Dr. Keller and either overlooked or selectively ignored several opinions offered by the physician. Hence, this case will be remanded for further consideration.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and remanding with

- 7 -

instructions to 1) carefully evaluate all the evidence from Dr. Keller; and 2) conduct any other proceedings deemed proper. If benefits are ultimately awarded, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past-due benefits to seek the Court's approval of attorney's fees under the Social Security Act.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of February, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any